UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CAMERON MAYFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00140-JRS-MJD |
| | ) | |
| CODY BURRIS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Motions for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Cameron Mayfield, a former Indiana inmate, brought this lawsuit pursuant to 42 U.S.C. § 1983 alleging that, on June 10, 2019, when he was confined at the Wabash Valley Correctional Facility (WVCF), defendant Cody Burris exercised excessive force against him while Melissa Foster, Brandon Willoughby, Christopher Holcomb, and S. King failed to intervene. Dkt. 9. He also alleges that defendants Nicholson, Dusty Russell, and Richard Brown allowed their subordinates to use excessive force. *Id.* Finally, Mr. Mayfield alleges that defendants Nathan Lyday and Jessica Perez refused him treatment for injuries he sustained in this incident.

The defendants move for summary judgment arguing that Mr. Mayfield failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before he filed this lawsuit. Mr. Mayfield responded to the motions for summary judgment and the defendants have replied. For the following reasons, the motion for summary judgment is **granted**.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R.

Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

## II. Facts

### A. *The Grievance Process*

An offender grievance program is in place at WVCF. Dkt. 54-1, ¶ 6. The formal grievance process includes: (a) A formal attempt to solve a problem or concern following unsuccessful attempts at informal resolution; (b) A written appeal to the Warden/designee; and (c) A written appeal to the Department Grievance Manager. Dkt. 54-1, ¶ 10; Dkt. 54-2, p. 3. A formal grievance must be submitted no later than ten business days from the date of the incident giving rise to the complaint. Dkt. 49 ¶ 10. Each properly submitted Offender Grievance received at WVCF is logged electronically. Dkt. 54-1, ¶ 19; Dkt. 54-2, p. 10. The grievance specialist then provides the offender with a receipt and log number. Dkt. 49 ¶ 10. Typically, the grievance specialist has fifteen business days from the date that the grievance is received to complete an investigation and provide a response. *Id.* ¶ 11. If the offender does not receive a response within twenty business days or if the offender believes the response does not adequately address the concern, he may appeal. *Id.* ¶ 12. Proper exhaustion requires offenders to complete each step of the process. *Id.* ¶ 16.

B. *Mr. Mayfield's Use of the Grievance Process*

Mr. Mayfield testifies that between June 13, 2019, through July 13, 2019, he filed multiple informal grievances against defendants Burris, Foster, Willoughby, Holcomb, King, Nicholson, Russel, and Brown and that they did not timely respond to his informal grievances. Dkt. 67, p. 2 ¶ 2. He also states that he filed an informal grievance against Jessica Perez and Nathan Lyday on or about January 5, 2020, and they responded about January 10, 2020. *Id.*, p. 2 ¶ 2, 3.

Mr. Mayfield states that on or about August 5, 2019, he filed multiple formal grievance complaints against Burris, Foster, Willoughby, Holcomb, King, Nicholson, Russell, and Brown. *Id.*, p. 2-3 ¶ 4.

Mr. Mayfield testifies that on or about August 15, 2019, grievance specialist B. Trimble responded to his formal grievance against Burris, Foster, Willoughby, Holcomb, King, Nicholson, Russell, and Brown. *Id.*, p. 3, ¶ 5. Mr. Mayfield and Ms. Trimble discussed the matter face-to-face. *Id.* Mr. Mayfield testifies that he was satisfied with the response to his formal grievance. *Id.*, p. 3 ¶ 6.

On January 29, 2020, Mr. Mayfield submitted an Offender Grievance Form concerning defendant Nathan Lyday's alleged refusal to provide him medical care. Dkt. 54-4, p. 2. The grievance was rejected and returned to Mr. Mayfield on February 6, 2020, because he failed to file the grievance within ten days of the incident as required by the Offender Grievance Process and because Mr. Mayfield did not indicate that he attempted to resolve the grievance informally. Dkt. 54-4, p. 1.

Mr. Mayfield also filed an Offender Grievance Form concerning Nurse Perez's alleged failure to provide adequate medical care January 29, 2020. Dkt. 54-5, p. 2.

3

This grievance against LPN Perez was also returned on February 6, 2020, because it had been submitted too late, because there was no indication that Mr. Mayfield had tried to resolve his complaint informally, and because staff training is not grievable. Dkt. 55-5, p. 1. Mr. Mayfield testifies that, on February 6, 2020, he corrected the rejected formal grievance, that the grievance specialist processed it, and that he was satisfied with the response. Dkt. 67, p. 4, ¶ 6.

Mr. Mayfield filed his Complaint on March 11, 2020. Dkt. 2.

### III. Discussion

The defendants seek summary judgment arguing that Mr. Mayfield failed to exhaust his available administrative remedies before filing this lawsuit.

A. *PLRA Requirements*

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Thus, "to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). It is the defendants' burden to

establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

      B. *Use of Force Claim*

Mr. Mayfield has presented evidence that he submitted informal and formal grievances regarding his excessive force claim. But there is no evidence that Mr. Mayfield filed a grievance appeal as required by the grievance policy. Instead, Mr. Mayfield testifies that, after he spoke with the grievance specialist about his formal grievance, he was "satisfied." Dkt. 67, p. 3 ¶ 5.

It is true, as Mr. Mayfield suggests, that the exhaustion requirement does not mean that a prisoner must continue to pursue administrative remedies when he has received the relief he requested and no other relief is available. *Thornton v. Snyder*, 428 F.3d 690, 697 (7th Cir. 2005) ("Once a prisoner has won all the relief that is available under the institution's administrative procedures, his administrative remedies are exhausted. Prisoners are not required to file additional complaints or appeal favorable decisions in such cases. When there is no possibility of any further relief, the prisoner's duty to exhaust available remedies is complete.") (quoting *Ross v. County of Bernalillo,* 365 F.3d 1181 (10th Cir.2004)). But Mr. Mayfield asserts only that he discussed the matter "face-to-face" with the grievance specialist and that he was satisfied. Dkt. 67, p. 3 ¶ 5. This is not enough to allow a conclusion that, after his conversation with the grievance specialist, Mr. Mayfield received all of the relief that was available to him. The Court acknowledges that Mr. Mayfield also asserts that the documents that he contends would support this claim are unavailable to him because he had to surrender them to his mother when he was released from WVCF. *See id*. But Mr. Mayfield testifies that he had a "face-to-face" conversation with the grievance specialist. *Id.* He could have, but did not, describe this conversation and therefore has

not presented evidence that he exhausted all administrative remedies that were available to him. Accordingly, the defendants are entitled to summary judgment on Mr. Mayfield's excessive force claim.

B. *Medical care*

It is undisputed that Mr. Mayfield did not submit an informal grievance regarding the alleged denial of medical treatment until January 5, 2020, dkt. 67, p. 2 ¶ 2, and did not submit a formal grievance on this issue until January 29, 2020, *id.* p. 2-3 ¶ 4. Mr. Mayfield's formal grievance was rejected as untimely, among other things. Dkt. 67-1. Because it is undisputed that Mr. Mayfield did not submit a timely grievance as required by the grievance policy, he failed to exhaust his available administrative remedies as to this claim and the defendants are entitled to summary judgment.

## IV. Conclusion

For the foregoing reasons, the defendants' motions for summary judgment on the affirmative defense that Mr. Mayfield failed to exhaust his available administrative remedies before filing this lawsuit, dkt. [47], and dkt. [55], are **granted**. Judgment dismissing this action without prejudice shall now issue.

**IT IS SO ORDERED.**

Date: 12/10/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CAMERON MAYFIELD
617 South 14th Street
Terre Haute, IN 47807

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Michael J. Blinn
INDIANA ATTORNEY GENERAL
michael.blinn@atg.in.gov

Zachary Robert Griffin
INDIANA ATTORNEY GENERAL
zachary.griffin@atg.in.gov

Angela Marie Rinehart
KATZ KORIN CUNNINGHAM, P.C.
arinehart@kkclegal.com